**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **Plante & Moran, PLLC,** | **Case No. 1:19-cv-01962** |
|              **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Woodhaven Village, LLC,** | |
|              **Defendant.** | **MEMORANDUM OPINION AND ORDER** |

Currently pending is the Motion for Remand filed by Plaintiff Plante & Moran, PLLC ("P&M") on September 25, 2019. (Doc. No. 8.). In its Motion, P&M seeks an Order from this Court remanding this case to the Common Pleas Court of Cuyahoga County and requiring Defendant Woodhaven Village, LLC ("Woodhaven") to pay just costs and actual expenses incurred by P&M as a result of the removal, i.e., costs and attorney fees associated with its Motion. Woodhaven filed a Brief in Opposition to Plaintiff's Motion for Remand on October 9, 2019. (Doc. No. 9.) P&M filed a Reply Brief in Support of Motion for Remand on October 16, 2019. (Doc. No. 10.) For the following reasons, P&M's Motion for Remand is GRANTED insofar as it seeks a remand of this case to the Cuyahoga County Court of Common Pleas, but it is DENIED insofar as it seeks an award of costs and attorney fees associated with the filing of its Motion for Remand.

On May 28, 2019, P&M filed a Complaint in the Cuyahoga County Court of Common Pleas setting forth four causes of action against Woodhaven arising out of a Professional Service Agreement

and Engagement Letter, together "the Agreement"[1]:  Count I, Breach of Contract; Count II, Action on Account; Count III, Promissory Estoppel; and Count IV, Unjust Enrichment.  (Doc. No. 1, Attachment 2.)  In its Complaint P&M alleges that: damages proximately resulting from Woodhaven's breach of contract total $128,212.50; Woodhaven is liable to it on the account in the amount of $128,212.50; P&M relied upon Woodhaven's promise to pay it for services rendered pursuant to the Agreement and since Woodhaven has not paid as promised, it has been damaged in the amount of $128,212.50; and Woodhaven has been unjustly enriched in excess of $128,000.00 to the extent it received services pursuant to the Agreement but has not paid P&M for such services.  (*Id.* ¶¶ 11, 16, 20, 25.)  P&M demanded judgment against Woodhaven in an amount not less than $128,212.50 plus pre-and post-judgment interest, costs incurred and for such other relief as the court may deem necessary and appropriate.  (*Id.* wherefore clause.)

Attached as Exhibit 2 to P&M's Complaint (Doc. No. 1, Att. 2), is a copy of a Statement dated 4/2/2019 setting forth Invoice Numbers, with the dates and amounts charged and owing, and Finance Charges, with the dates and amounts charged and owing.  The Total Balance Due as reflected on the last page of the Statement is $128,212.50.  The actual amounts of the Invoices dated 5/8/2013, 6/6/2013, 9/24/2013, and 12/23/2013 total $70,000.00.  The Finance Charges total $58,212.50.  Included on the last page of the Statement are the following sentences.  "A late charge will be added for any portion of an invoice not paid within 30 days.  The late charge will be computed at the rate of 1.25% per month, starting 30 days after the date of the invoice."  The amounts reflected on the

---

[1] The Professional Service Agreement and Engagement Letter are attached together as Exhibit 1 to P&M's Complaint (Doc. No. 1, Attachment 2.)  In its Answer to P&M's Complaint, Woodhaven denies as "legal conclusion(s)" the specific allegations associated with the Agreement, but it does not deny that the parties entered into this Agreement and in fact, avers that the Agreement "speaks for itself."  (Doc. No. 2.)

2

Statement as "Finance Charge[s]" demonstrate that they were computed consistent with applying 1.25% to the invoices not paid within 30 days.   The Professional Services Agreement provides in relevant part as follows:  "PM's invoices for forecast examination services are due on the agreed-upon dates.  Other invoices are due upon receipt."  (Doc. No. 1, Att. 2, Ex. 1,  ¶ 13.)

Woodhaven filed its Notice of Removal asserting that the case was removable because based upon information and belief P&M is a citizen of Ohio, and Woodhaven is a company organized and existing under the laws of the State of Texas and having its principal place of business in Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Specifically, Woodhaven asserted that P&M claims damages of $128,212.50.

In its Motion for Remand, P&M argues that for purposes of evaluating jurisdiction under 28 U.S.C. 1332 (a), $58,212.50 of the $128,212.50 it seeks in damages constitutes interest which cannot be aggregated with the $70,000 invoices when calculating the amount in controversy requirement to allow diversity jurisdiction.  Stated simply, according to P&M, the amount in controversy exclusive of interest and costs is $70,000, or the total of the invoiced amounts on the Statement.

As P&M correctly asserts, accrued interest on a contract may not be considered in making up the jurisdictional amount.  *Estep and Assocs., Inc. v. Leonard Hill and Sons*, 543 F.Supp. 124, 125 (E.D. Tenn. 1992) (quoting *Alropa Corporation v. Myers*, 55 F.Supp. 936, 938 (D. De. 1944)).  P&M also correctly cites *Costello v. Capital One, N.A.,* 2008 U.S. Dist. Lexis 35771, 2008 WL 1766983 *3 (W.D. La. Mar. 4, 2008) for the proposition that "jurisprudence has permitted interest to be included if it is itself the basis of the suit, as when interest has accrued on a note prior to maturity and is payable on the note, but the amount of interest is not included if the interest is only incident to the plaintiff's claim or if it arises solely by a delay in payment." *Id.* citing *Robichaux v. Glorioso*, 2000

WL 1171119, *2 (E.D. La. Aug. 16, 2000); 14B *Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3rd,* § 3712, pp. 280-81 (1998)). According to P&M, because the finance charges or interest of $58,212.50 arises solely because of Woodhaven's nonpayment of the invoices, P&M's claims set forth in the Complaint do not satisfy the $75,000 amount in controversy requirement under 28 U.S.C. 1332(a) and therefore, diversity jurisdiction does not exist.

In response, Woodhaven does not challenge P&M's reliance upon the cases it cites in support of its argument that accrued interest or interest that arises solely by a delay in payment is not included in determining the amount in controversy. What Woodhaven does challenge is P&M's assertion that the $58,212.50 qualifies as interest and P&M's argument, then, that it cannot be considered or aggregated with the $70,000 invoiced amounts in determining the amount in controversy.

Woodhaven is correct in asserting that P&M first references the $58,212.50 as interest in its Motion for Remand. However, whether P&M specifically used the term "interest" in its Complaint is not dispositive of the issue, particularly when the documents referenced therein clearly and repeatedly reference the term "Finance Charge" and define the term "late charge" as a percentage of the outstanding invoice amount. Woodhaven argues that P&M's supporting documents characterize the $58,212.50 as "late charge(s)". It then contends that in *Lebo v. Impac Funding Corp.*, 2011 U.S. Dist. Lexis 148086, 2011 WL 6750057 (N.D. Ohio Dec. 23, 2011) the court considered "late charges" as an element of damages sought when determining that the amount in controversy requirement had been satisfied. Woodhaven then goes on to assert that "[t]his is because 'late charges' are not interest." (Doc. No. 9, p. 3.) However, as P&M correctly points out in its Reply, the court in *Lebo* did not hold that late charges are not interest and did not have to determine that issue because after

4

aggregating the non-accounting claims for breach of contract and fraud – including punitive damages and attorney fees – the $75,000 requirement was satisfied.

The Court agrees with P&M that the $58,212.50 constitutes interest that must be excluded from consideration or aggregation in determining the amount in controversy. While it is true that the Statement attached as Exhibit 2 to P&M's Complaint indicates that a "late charge" will be added for any portion of an invoice not paid within 30 days, that late charge is not a set or flat fee or charge, but a percentage – specifically 1.25% per month of the balance(s) not paid within 30 days of receipt. Indeed, a review of the Statement clearly demonstrates that this 1.25% charge is the "Finance Charge" set forth repeatedly under the caption "Description" throughout the Statement. And, it was added each month and arose solely by a delay in payment.

Black's Law Dictionary defines the term "interest" as follows: "3. The compensation fixed by agreement or allowed by law for the use or detention of money, or for the loss of money by one who is entitled to use it; exp., the amount owed to a lender in return for the use of borrowed money. – Also termed "*finance charge.*" *Interest*, Black's Law Dictionary (10th ed. 2014). Black's Law Dictionary defines the term "finance charge" as follows: "An additional payment, usu. In the form of interest, paid by a retail buyer for the privilege of purchasing goods or services in installments. This phrase is increasingly used as a euphemism for *interest.*" *Finance Charge*, Black's Law Dictionary, (10th ed. 2014). Thus, the "Finance Charge" included on the Statement can be considered or used interchangeably with "interest".

Whitehaven also argues that because P&M's Complaint sets forth four causes of action and as to three of them P&M seeks the sum of $128,212.50 and as to one of them P&M seeks an amount in excess of $128,000, P&M is not simply or just seeking $70,000 plus interest. However, the Court

5

agrees with P&M that "[t]he identity of the accrued interest portion of the claims is not lost because it is not separately stated in each damage claim," and "[t]he accrued interest in the non-contract claims is easily deducted from each damage claim and results in a claim below the $75,000.00 jurisdictional requirement."  (Doc. No. 10, pgs. 2-3.)

For the reasons set forth above, the Court finds P&M's arguments to be well-taken.  Therefore, that part of P&M's Motion for Remand requesting an Order remanding the case to the Cuyahoga County Court of Common Pleas is GRANTED.  However, that part of P&M's Motion for Remand requesting that this Court award it fees and costs associated with filing its Motion for Remand is DENIED.

**IT IS SO ORDERED.**

Date:  October 24, 2019

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE